AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

United States of America

v.

**DAVID FLORES-TORRES**

*Defendant*

Case No. 18-MJ-1082

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

(1)   On or about June 5, 2018, in the County of Erie, in the Western District of New York, the defendant, DAVID FLORES-TORRES, did knowingly possess child pornography, as defined in Title 18, United States Code, Section 2256(8), in violation of **Title 18, United States Code, Section 2252A(a)(5)(B)**; and

(2)   On or about December 21, 2017, in the County of Erie, in the Western District of New York, the defendant, DAVID FLORES-TORRES, did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been shipped and transported using any means and facility of interstate and foreign commerce, and that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of **Title 18, United States Code, Section 2252A(a)(2)(A) and 2252A(b)(1)**.

This Criminal Complaint is based on these facts:

☒   Continued on the attached sheet.

*Complainant's signature*

JUSTIN J. BURNHAM
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  July 10, 2018

*Judge's signature*

JEREMIAH J. McCARTHY
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State:  Buffalo, New York

## AFFIDAVIT IN SUPPORT OF COMPLAINT

STATE OF NEW YORK )
COUNTY OF ERIE    ) SS:
CITY OF BUFFALO   )

I, Justin J. Burnham, being duly sworn, depose and state:

### INTRODUCTION

1. I am a Special Agent with Homeland Security Investigations (HSI) and have been so employed since October of 2008. I am currently assigned to the Buffalo Field Office of HSI and I am assigned to the Child Exploitation Unit (CEU). As a member of the CEU, I investigate the sexual exploitation of children, including possession, receipt, and the production of child pornography, as well as coercion and enticement, in violation of Title 18, United States Code, Sections 2251, 2252, 2252A, and 2422(b). I have received specialized training in the area of child pornography, child exploitation, and coercion and enticement, and I have had the opportunity to observe and review numerous examples of child pornography, as defined in Title 18 United States Code, Section 2256.

2. I make this affidavit in support of a criminal complaint charging David FLORES-TORRES (hereinafter "FLORES"), with violations of Title 18, United States Code, Section 2252A(a)(2)(A) (Receipt of Child Pornography) and 2252A(a)(5)(B) (Possession of Child Pornography).

3. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and a review of documents and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging FLORES with the above offenses, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts necessary to establish probable cause to believe that FLORES knowingly violated Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B).

## PRE-SEARCH WARRANT INVESTIGATION

4. On or about December 23, 2017, Google, Inc. submitted Cybertip number 26337032 to NCMEC regarding the possible possession of child pornography by a suspect with the telephone number (716) 467-2535 and email address of Parrotart2012@gmail.com who used the IP address of 2604:6000:7b01:400:3849:c16e:8975:575c on December 21, 2017 at 11:17:14 UTC to upload said child pornography.

5. On January 4, 2018, the Cybertip was reviewed by the New York State Police (hereinafter "NYSP"). The image depicts a naked prepubescent male child who appears to be under 8 years of age. The child is observed lying on his back with his legs spread apart exposing his penis and anus in a lewd manner.

6. On January 19, 2018, a DHS administrative summons was sent to Verizon Wireless for information associated with telephone number (716) 467-2535.

7.   On January 29, 2018, Verizon Wireless responded to the summons by providing the following information, among other information:

| | |
|---|---|
| Customer Name: | Jose Perez |
| Customer Address: | 131 West 2nd Street, Dunkirk, New York 14048 |
| Telephone: | (914) 648-8134 |

8.   On January 29, 2018, a DHS administrative summons was sent to Charter Communications, Inc. for information associated with the upload IP address of: "2604:6000:7b01:400:3849:c16e:8975:575c on December 21, 2017 at 11:17:14 UTC."

9.   On January 30, 2018, Charter Communications responded to the summons by providing the following information, among other information:

| | |
|---|---|
| Customer Name: | Jose Perez |
| Account Address: | 131 West 2nd Street, Dunkirk, New York, 14048 |
| Telephone: | (914) 648-8134 |

## SEARCH WARRANT

10.   On June 1, 2018, the NYSP applied for and received a New York State (NYS) search warrant authorizing the search of the premises located at 131 West 2nd Street in Dunkirk, New York.

11.   On June 5, 2018, the NYSP with assistance from the Homeland Security Investigations (HSI) Child Exploitation Unit (CEU), executed the NYS search warrant at 131

West 2nd Street in Dunkirk, New York.  During the search warrant, multiple items were seized, including two cellular telephones found in FLORES' bedroom.

## INTERVIEWS

12. Consensual, non-custodial, post-Miranda interviews, including a polygraph interview, were conducted with FLORES on June 5, 2008.  During these interviews, FLORES admitted that the recovered cellular telephones belonged to him and that he had previously used them to produce, distribute, receive, and possess child pornography.

13. During these interviews, FLORES admitted that he has been using the telephone number of (716) 467-2535 with his two cellular telephones for the past five (5) years and that he has used the services of social media companies KIK, Skype, Google, Hotmail, and Tumbler to possess, receive, or distribute child pornography.

14. FLORES said he was first introduced to child pornography approximately one to one and one-half years ago through an individual from Pennsylvania that he met on the social media application, KIK, where they chatted. FLORES said this man knew of a KIK group chat and sent him an invitation to join the group. FLORES said the group consisted of approximately 9 to 10 people and that these individuals "made" him the head of the group. FLORES said it wasn't long before his KIK account was then suspended. FLORES said that members of this group would send child pornography to each other, that he received child pornography from members of this group, and that he has sent child pornography to them as well. FLORES said he would also "role-play" with the members of this group. When

4

asked to describe the child pornography that was distributed in this group, FLORES said the pictures were of men and kids having sex with each other. Flores said he enjoyed satisfying the needs of these men.

15. During the June 5, 2018 interview, FLORES also stated that he engaged in sexual contact with multiple individuals who were under the age of eighteen years of age.

## MINOR VICTIM 1

16. During the interviews, FLORES admitted he had sexual contact with a fourteen-year-old boy, herein minor victim 1 (MV1). The identity of MV1 is known, but is being redacted because he is a minor. When asked to describe the sexual contact with MV1, FLORES admitted he and MV1 touched each other's penises and that MV1 asked him to perform oral sex on him, which FLORES said he subsequently did. When asked about the second occurrence of sexual contact with MV1, FLORES said they touched each other's penises and he performed oral sex on MV1. FLORES said MV1 did not ejaculate, but that he (FLORES) ejaculated on himself. FLORES admitted that these instances of sexual contact occurred over the course of the three-week period prior to June 5, 2018.

17. On June 5, 2018, an HSI Forensic Interview Specialist (FIS) conducted, and HSI special agent (SA) Justin Burnham witnessed, an interview of MV1. During the interview, MV1 said that he and FLORES had smoked marijuana or drank alcohol prior to the engagement of sexual activity. MV1 said FLORES used his hand to touch his penis and performed oral sex on him several weeks prior to the June 5, 2018 interview.

5

## MINOR VICTIM 2

18. FLORES then described a time near the beginning of 2018 when he had engaged in a video-chat with an individual using Skype. FLORES said that he was video chatting with this person in his bedroom at his residence located at 131 West 2nd Street in Dunkirk, New York. FLORES said that he and MV2, a four-year-old girl, were in his bedroom and that they were laying on his bed while he was video chatting with this individual. The identity of MV2 is known by law enforcement, but is being redacted from this affidavit because she is a minor. FLORES said MV2 was laying down on the bed in front of him watching the television which was further in front of her. FLORES said he and the man he was Skype chatting with were masturbating during the video chat while MV2 was watching television. When asked if MV2 was naked, FLORES said he was just "pulling the shorts down a little bit". FLORES later clarified and said that he pulled MV2's pants down below her butt cheeks and photographed her buttocks for this individual. FLORES said the individual he was communicating with told him "do this, do that" to MV2. FLORES said at one point, MV2 was on his lap. FLORES acknowledged that the individual he was communicating with over Skype probably asked him to put his hand down MV2's pants, but FLORES said that he just touched her stomach.

19. FLORES described another incident that occurred after the incident described above. FLORES said that he had been drinking and was communicating over Skype with this same individual when this second event occurred. FLORES said that he went downstairs to the kitchen where minor victim 2 (MV2) was sleeping on an air mattress. FLORES said that he grabbed MV2's hand while she slept and put it on his penis while communicating with

6

this individual over the internet. When asked if he masturbated himself with her hand, FLORES said that he did, that he photographed or video recorded the incident, and acknowledged the incident occurred sometime toward the end of 2017. FLORES said that he did not ejaculate while engaging in this behavior. FLORES said that he engaged in these acts in order to please other men. When asked about the man he was communicating with when he engaged in this behavior, FLORES said that he met him on "Hangouts", believed to be referring to Google Hangout.

20. On June 5, 2018, an HSI FIS attempted to interview MV2, but was unable to effectively communicate with her because of MV2's young age.

21. On June 5, 2018, FLORES was arrested by the NYSP for the Promotion and Possession of a Sexual Performance by a Minor and subsequently detained at the Chautauqua County Jail.

## PRELIMINARY FORENSIC EXAM

22. During the aforementioned NYS search warrant, law enforcement officials discovered the cellular telephones referenced in paragraph 12 above that FLORES admitted were used to produce, distribute, receive, and possess child pornography. In June of 2018, the information from these cellular telephones was extracted by an HSI computer forensic agent (CFA) and later reviewed by HSI SA Justin Burnham. During the review, SA Burnham identified multiple images and videos of child pornography. Examples of this child pornography include:

a. **"0f01efce-9aff-4b24-a539-6875b4459b37.png"** – This image file depicts a prepubescent minor male with his mouth open and his tongue on the erect penis of what is believed to be an adult male. The minor male's hands also appear to be on the base of the erect penis. The focus of the recording device is on the adult male's erect penis and the upper torso and face of the minor male.

b. **"15b68503-457a-458e-805b-4e63de8d3550.jpg"** – This image file depicts a naked, prepubescent boy laying on his back with his right thumb touching his erect penis. The image depicts the portion of the boy's body from just above his eyes to just above his knees.

c. **"20180531_013703.jpg"** – This image file consists of a photograph of an electronic screen which is displaying an image of a prepubescent female laying on her back with her legs spread open. An adult male is standing over her and between her legs and is seen inserting his penis into the vagina of the prepubescent female.

23. On March 6, 2016, a multimedia message service (MSM) message was sent from FLORES' cellular telephone to the contact of "Carlos" at telephone number (917) 485-0076. The body of the message contained the text "Like this". Attached to the MMS message was a file by the name of 2016-01-27-13-44-42-1.png. SA Burnham subsequently viewed this image file which depicted a naked, prepubescent minor male with his legs spread open while laying on top of a naked, adult male. The erect penis of the naked, adult male, who is also laying on his back, is seen inserted into the anus of the minor male. The genitals of the minor

8

male are exposed to the recording device. At the bottom of the image, the following text can be seen: "DAD FUCK SON 0:23".

## CONCLUSION

24.     Based upon the foregoing, I respectfully submit that I have probable cause to believe that David FLORES-TORRES, has violated Title 18, United States Code, Section 2252A(a)(2)(A) (Receipt of Child Pornography) and Section 2252A(a)(5)(B) (Possession of Child Pornography).

JUSTIN J. BURNHAM
Special Agent
Homeland Security Investigations

Sworn to before me this 10th

day of July, 2018

JEREMIAH J. McCARTHY
United States Magistrate Judge

9